IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH THOMAS REVELS, | * | |
| Plaintiff *pro se*, | * | |
| v. | * | Civil Action No. RDB 05-3244 |
| HARDWIRE, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Plaintiff Joseph Revels ("Plaintiff" or "Revels") brings this employment discrimination action against Defendant Hardwire, LLC ("Defendant" or "Hardwire") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Revels alleges that Hardwire refused to hire him based on his status as an African American, in violation of his rights under Title VII. Pending before this Court is Hardwire's Motion to Dismiss, which contends that Revels' claims must fail because Hardwire is not an "employer" under Title VII. (*See* Def's Mem. Supp. Mot. Dism. p. 1.) This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. No hearing is necessary on these motions. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendant's Motion to Dismiss is converted to a Motion for Summary Judgment and GRANTED.

BACKGROUND

This Court views the facts and all reasonable inferences therefrom "in the light most favorable to" Revels. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

1

(1986)).  In February 2004, Revels interviewed for a cleaning position with Hardwire.[1]  (*See* Compl. p. 2.)  For all periods relevant to this case, Hardwire had less than fifteen employees.  (*See* Def.'s Mot. Dism., Ex. B.)  During his interview, Revels was given a tour of the work area and a description of his job duties.  (*See* Pl.'s Opp. p. 1.)  George Tunis, Hardwire's founder and current CEO, presented Revels with a t-shirt bearing Hardwire's logo and told Revels to "wear it with dignity."  (Pl.'s Opp. at p. 1.)  When Revels asked when he could begin work, Tunis told him that he would start with Hardwire once work on "the government contracts" began.  (Pl.'s Opp. p. 1.)  Revels returned to Hardwire several times and, although he was one of the first applicants for the job and had prior experience in cleaning, he was never given any work.  (*See* Compl. p. 2; EEOC "Selection Questionnaire", attached to Pl.'s Aff., Q. 19.)  More than a year after he was interviewed, on May 2, 2005, Hardwire informed Plaintiff that he was not hired because he "didn't meet the job requirements."  (EEOC "Selection Questionnaire", attached to Pl.'s Aff. Q. 12; Compl. p. 3.).

Revels contends that he was not the only African American passed up for a job at Hardwire.  Specifically, Revels alleges that four other African Americans applied for, but were not given, jobs at Hardwire.  (*See* "Witness Questionnaire", attached to Pl.'s Opp.)  Revels also reports observing new Hardwire employees coming to the car wash where he worked, and all those employees were white.  (*See* Pl.'s Opp. p. 2.)

---

[1] Hardwire is a limited liability company in Worcester County, Maryland, which produces "high-tensile steel reinforcements and thermally conductive mold fabrics for the infrastructure, transportation, military, composites, marine, energy, construction, piping, mining, and forest products industries."  (Tunis Aff. ¶ 3.)

In August 2005, Revels filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). (*See* Compl. at p. 3.) On September 9, 2005, the EEOC issued Revels a "Right to Sue" letter, explaining that it was closing his file because Hardwire "employs less than the required number of employees or is not otherwise covered by the statute." ("Right to Sue" Letter, attached to Compl.) On December 2, 2005, Revels filed a Complaint with this Court. On January 17, 2006, Hardwire filed its Motion to Dismiss.

## STANDARD OF REVIEW

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold*, Inc., 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). However, the opponent must bring forth evidence upon which a

reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). "Once the movant has established the absence of any genuine issue of material fact, the opposing party has an obligation to present some type of evidence to the court demonstrating the existence of an issue of fact." *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)). Rule 56(e) also requires that "affidavits submitted by the party defending against a summary-judgment motion contain specific facts, admissible in evidence, from an affiant competent to testify, 'showing that there is a genuine issue for trial.'" *Id.* (quoting 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2740, 399 (3d ed. 1998)). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *Anderson*, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted). Indeed, this Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

DISCUSSION

As a preliminary matter, this Court must evaluate Hardwire's Motion to Dismiss in light of Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. The Supreme Court has recently established that whether an entity employs a sufficient number of employees for Title VII purposes is an issue that should be evaluated under Rule 12(b)(6) rather than Rule 12(b)(1).

*See Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S. Ct. 1235, 1245 (2006) ("[W]e hold that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."); *see also Partington v. American Intern. Specialty Lines Ins. Co.*, 443 F.3d 334, 339 (4th Cir. 2006) (acknowledging the *Arbaugh v. Y & H Corp.* decision). Accordingly, this Court considers Hardwire's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). This Court notes, however, that Hardwire has presented matters outside the pleadings—*e.g.*, payroll records—in support of its claim that it is not an "employer" under Title VII. As a result, this Court must treat Hardwire's motion as one for summary judgment under Fed. R. Civ. P. 56. *See* FED. R. CIV. P. 12(b)(6) (Where "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . .").[2]

Plaintiff's Title VII claim requires that Hardwire employ at least fifteen individuals at the time of, and just before, Plaintiff filed his complaint. Under Title VII, it is "an unlawful employment practice for an employer to fail or refuse to hire . . . any individual . . . because of such individual's race, . . . ." 42 U.S.C. § 2000e-2(a)(1). "Employer" is defined as "a person

---

[2] This Court acknowledges the general principle that "summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The nonmoving party, however, "cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Apps. & Service Co.*, 80 F.3d 954, 961 (4th Cir.1996). "If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" *Harrods Ltd.*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961). In this case, Plaintiff has not filed a Rule 56(f) affidavit, requested discovery, or challenged Defendant's claim that it is not an "employer" for Title VII purposes.

engaged in an industry affecting commerce who has *fifteen or more* employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 2000e(b) (emphasis added).  This "employee-numerosity requirement" was included by Congress "[t]o spare very small businesses from Title VII liability . . . ." *Arbaugh*, 126 S. Ct. at 1239.

In this case, no reasonable jury could find that Hardwire satisfies the employee-numerosity requirement pursuant to 42 U.S.C. § 2000e(b).  Hardwire has submitted exhibits, including copies of its Maryland Unemployment Insurance Quarterly Contribution Reports for 2004 and 2005, setting forth facts showing that at no time during the relevant statutory period did Hardwire employ more than fourteen people.  (*See* Def.'s Mot. Dism., Ex. B.)  *See also Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 207 & 211 (1997) (endorsing the "payroll method" to determine if an employer meets the employee-numeric requirement, whereby the number of employees is based on how many people appear on the employer's payroll records).

The opposition papers submitted by Revels do not challenge Hardwire's contention that it does not satisfy the employee-numerosity requirement.[3]  Only three documents submitted by Revels, moreover, address the number of employees at Hardwire in any fashion.  One of those

---

[3] Plaintiff attempts to distinguish his case from an unpublished opinion cited by Defendant in support of its motion to dismiss.  *See Hunter v. Lee*, 2003 WL 23857303 (E.D.N.C. Jul. 16, 2003) (dismissing a Title VII claim by a former employee because the defendant employer did not satisfy the employee-numerical requirement).  Although Plaintiff is correct that his situation is different from the plaintiff in *Hunter* because Revels was never employed by Hardwire, Title VII applies to both former employees and individuals who were denied employment based on their race.  *See* 42 U.S.C. § 2000e-2(a)(1).  The determining factor in both *Hunter* and this case—that the employer fails to satisfy the employee-numerosity requirement—is not affected by the employment status of the plaintiff.

documents—Revels' Complaint—contains a question mark next to the sentence "number of people employed by Defendant." (*See* Compl. p. 3.)  Another document—the "Charge Information Questionnaire" that Revels filled out for the EEOC— provides that Hardwire has approximately twenty-two employees.  (*See* Charge Information Questionnaire, attached to Paper No. 12.)  The final document—the "Charge of Discrimination" that Revels filled out for the Maryland Commission—indicates that Hardwire has between fifteen and 100 employees.  (*See* Charge of Discrimination, attached to Paper No. 13.)  These documents, however, simply do not constitute evidence of sufficient probative force to create a genuine issue of material fact with respect to the number of individuals employed by Hardwire.  *See* FED. R. CIV. P. 56 ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ."); *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (nonmoving party must set forth specific facts demonstrating a genuine issue of trial to resist summary judgment).  To defeat summary judgment, Revels was required to set forth specific evidentiary facts raising a genuine issue of material fact for trial.  Revels failed to meet this burden.  Accordingly, this Court grants summary judgment in favor of Hardwire.[4]

---

[4] The Court notes that Plaintiff appears to have requested injunctive relief against Worcester County.  (*See* Pl.'s Resp. Opp. p. 1.)  Plaintiff's Complaint, however, contains no allegations or causes of action involving Worcester County officials.  As a result, to the extent that Plaintiff has moved this Court for injunctive relief, that motion is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED.  A separate Order and Judgment follows.

June 14, 2006

/s/
_____
Richard D. Bennett
United States District Judge